UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| HAZEL SHAMBERGER,<br><br>*Plaintiff,*<br><br>– against –<br><br>7 MINDY LLC,<br><br>*Defendant.* | **MEMORANDUM & ORDER**<br>26-cv-01643 (NCM) (ARL) |

**NATASHA C. MERLE**, United States District Judge:

On March 19, 2026, pro se plaintiff Hazel Shamberger filed the instant action. Compl., ECF No. 1. Although styled as a complaint, the attached documents make clear that Ms. Shamberger is in substance attempting to remove an eviction proceeding initiated against her from Nassau County District Court. Because the state court entered judgment against Ms. Shamberger on April 3, 2026, this case is now moot. Accordingly, the Court lacks subject matter jurisdiction over Ms. Shamberger's case, and the action is DISMISSED.

## BACKGROUND

The complaint contains minimal information. In the space to identify the basis for the Court's subject matter jurisdiction over this action, Ms. Shamberger states: "USC 1441- control of Res. If different decisions may are [indecipherable], it would cause confusion." Compl. 4.[1] Ms. Shamberger asserts that there is a case in federal court

---

[1]     Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

regarding the property that is the subject of the eviction proceeding and, because that case was filed first, it takes "precedence" over the eviction proceeding. Compl. 5.

Ms. Shamberger was a respondent in *7Mindy LLC v. Shamberger*, No. LT-003957-25/NA (Nassau Cnty. Dist. Ct.), a Nassau County eviction case concerning the premises located at 504 Decatur Street, Uniondale, New York ("the Property"). *See* Compl. 7–11. The Court assumes that the Property is the "Res" referred to in the Complaint. *See* Compl. 4. The Property, previously owned by Ms. Shamberger and others, was the subject of a foreclosure action in Nassau County Supreme Court. *See U.S. Bank Nat'l Ass'n, as Tr. for Structured Asset Sec. Corp. Mortg. Pass-Through Certificates, Series 2007-BC4 v. Shamberger* ("*U.S. Bank v. Shamberger*"), No. 605953/2018 (Nassau County Sup. Ct.). On February 9, 2023, the Nassau County Supreme Court entered a Judgment of Foreclosure and Sale in the foreclosure action. *See* J. of Foreclosure & Sale, *U.S. Bank v. Shamberger*, No. 605953/2018 (Nassau Cnty. Sup. Ct. Feb. 9, 2023), Doc. No. 172. Following an auction, the Property was transferred to 7Mindy LLC by deed dated November 12, 2025. *See* Compl. 43. On December 23, 2025, 7Mindy filed an eviction action against Ms. Shamberger and others, alleging that the respondents continued to possess the Property without permission despite ownership of the Property transferring to 7Mindy. *See* Verified Pet. to Recover Possession of Real Prop., *7Mindy LLC v. Shamberger*, No. LT-003957-25/NA (Nassau Cnty. Dist. Ct. Dec. 23, 2025); *see also* Compl. 9–11. On March 25, 2026, following a bench trial, the Nassau County District Court ruled in favor of 7Mindy and issued a Warrant to be enforced by the Nassau County Sheriff and to be executed no earlier than April 20, 2026. *See* Warrant, *7Mindy LLC v. Shamberger*, No. LT-003957-25/NA (Nassau Cnty. Dist. Ct. Mar. 25, 2026). On April 3, 2026, the Nassau County Supreme Court entered judgment. *See* J. with

Possession (Default), *7Mindy LLC v. Shamberger*, No. LT-003957-25/NA (Nassau Cnty. Dist. Ct. Apr. 3, 2026).[2]

## DISCUSSION

Ms. Shamberger's complaint must be dismissed because it is moot. "To avoid mootness, there must be an 'actual controversy' through which the parties can obtain some relief from the court, and that controversy must exist 'through all stages of the litigation.'" *Manhattan Realty Co. 1 v. 155 Chambersfood Inc.*, No. 24-cv-00085, 2025 WL 358925, at *2 (E.D.N.Y. Jan. 31, 2025) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013)), *aff'd sub nom.*, *In re 155 Chambersfood, Inc.*, No. 25-472-bk, 2025 WL 3295153 (2d Cir. Nov. 26, 2025) (summary order).[3] A Court lacks Article III jurisdiction where "intervening events 'make it impossible for the court to grant any effectual relief . . . to a prevailing party.'" *Frentzel v. Mohr*, No. 23-1305-cv, 2024 WL 1506972, at *1 (2d Cir. Apr. 8, 2024) (quoting *ABC, Inc. v. Stewart*, 360 F.3d 90, 97 (2d Cir. 2004)).

Here, the eviction proceeding that Ms. Shamberger references in the complaint has concluded and judgment has been entered. Her case thus "no longer present[s] an actual dispute between parties," *Catanzano v. Wing*, 277 F.3d 99, 107 (2d Cir. 2001), and must be dismissed.

---

[2]    On February 25, 2025, Ms. Shamberger filed an action in this Court against the law firm that represented U.S. Bank in the state foreclosure action. *See Shamberger v. Robertson, Anschutz, Schneid, Crane & Partners PLLC,* No. 25-cv-01043 (E.D.N.Y. filed Feb. 25, 2025). That case is currently pending before the Court.

[3]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

Even absent mootness, the Court lacks jurisdiction to adjudicate Ms. Shamberger's case. Ms. Shamberger asserts that 28 U.S.C. § 1441 is the basis for this Court's jurisdiction. Compl. 4. Therefore, the Court construes her filing as a notice of removal. *See* 28 U.S.C. §§ 1441(a), 1446(a).

"Any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Put differently, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 276 (2d Cir. 2005) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court." *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.* 30 F.3d 298, 301 (2d Cir. 1994).

Ms. Shamberger's pending eviction action is not removable because it is not a case "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. Ms. Shamberger is mistaken in her assertion that this Court has jurisdiction over her eviction proceeding simply because she has separate action pending in this Court. *See* Compl. 4.

There are typically two types of federal subject-matter jurisdiction: federal question jurisdiction and diversity jurisdiction. *See* 28 U.S.C. §§ 1331–32. Federal question jurisdiction applies "only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Wright v. Musanti*, 887 F.3d 577, 584 (2d Cir. 2018) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

4

Diversity jurisdiction applies only if the money value of the lawsuit is greater than $75,000 and the plaintiff and defendant are citizens of different states. See 28 U.S.C. § 1332. Here, the Court does not have federal question jurisdiction because eviction actions are matters of state law. *See, e.g.*, *Dei-Bey v. Roufail*, No. 13-cv-04993, 2013 WL 5502820, at * 2 (E.D.N.Y. Oct. 1, 2013) ("This action arises out of a dispute between [the plaintiff] and his landlord over his obligation to pay rent. This [c]ourt clearly lacks subject matter jurisdiction over such a dispute."); *Kheyn v. City of New York*, No. 10-cv-03233, 2010 WL 3034652, at *2 (E.D.N.Y. Aug. 2, 2010) (collecting cases) ("[I]t is well settled that the landlord-tenant relationship is fundamentally a matter of state law."). Additionally, the Court does not have diversity jurisdiction because nothing in the record suggests that the amount in controversy exceeds $75,000. *See Ulmer v. StreetTeam Software, LLC*, No. 22-cv-05662, 2023 WL 2306020, at *1 (E.D.N.Y. Feb. 28, 2023) ("[T]o invoke diversity jurisdiction, [the party] must allege facts sufficient to plausibly show an amount in controversy of more than $75,000."). Accordingly, Ms. Shamberger could not invoke the jurisdiction of this Court even if her case presented a non-moot controversy.

Given that the Court lacks subject-matter jurisdiction, the instant case must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Dickerson v. Dickerson*, No. 23-cv-03859, 2023 WL 3931696, at *2 (E.D.N.Y. June 9, 2023) ("Even where . . . a *pro se* plaintiff has paid the court's filing fee, a district court must dismiss a case if it lacks subject-matter jurisdiction . . . .").

## CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed. The Clerk of Court is respectfully directed to enter judgment, mail a copy of this Order to Ms. Shamberger, and close the case.

The Court finds under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

        */s/ Natasha C. Merle*
        NATASHA C. MERLE
        United States District Judge

Dated:      May 7, 2026
             Brooklyn, New York